

# Fourth Court of Appeals
## San Antonio, Texas

December 17, 2014

No. 04-14-00778-CR

Victor R. **MARTINEZ**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR5362
Honorable Mary D. Roman, Judge Presiding

# O R D E R

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case.[1] *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). It is therefore ORDERED that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless appellant causes an amended trial court certification to be filed by January 15, 2015, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). All other appellate deadlines are SUSPENDED pending our resolution of the certification issue.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of December, 2014.

_____
Keith E. Hottle
Clerk of Court

---

[1] The plea bargain states, "If defendant fails to appear for sentencing on March 28, 2011, he is exposed to the full range of punishment." The defendant failed to appear for sentencing on March 28, 2011.